
**FILED**
**JANUARY 15, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EUGENE SHANNON ABNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0198 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION

On September 14, 2007, plaintiff filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the instant Court. The heading of the pleading showed the location of the Court as Lufkin Division. Plaintiff checked the box indicating he was challenging a judgment of conviction or sentence, probation or deferred adjudication probation. At the same time, plaintiff also filed a "Motion to Remand," asking the "Court of Amarillo" to "remand" this "22-54 back to the Eastern District of Texas in Lufkin Texas US District Court 187."

On November 2, 2007, plaintiff filed a "Motion to Review and Remand to the Trial Court" by which he asked that the case be "remand[ed] back to the trial court of Harris County Texas." On November 7, 2007, plaintiff filed a motion asking that his file name be reviewed and attached to that motion another Petition for Writ of Habeas Corpus showing plaintiff was challenging a parole revocation proceeding.

Noting the conflict, the Court issued a November 27, 2007 Order requiring plaintiff to complete and submit an amended petition showing whether he was challenging his conviction or

a parole revocation proceeding. Plaintiff was also instructed to explain his complaints of identity theft and his requests for remand to the state court.

When plaintiff failed to comply, the Court issued a December 26, 2007 Order giving plaintiff until January 15, 2008 to comply with the November 27th Order.

Plaintiff responded on January 2, 2008 by filing a miscellaneous pleading to which were attached several documents, including a petition for writ of habeas corpus which noted plaintiff was challenging his conviction and a "Motion for Rehearing" in cause no. H-07-2296 in the U.S. District Court for the Southern District of Texas. In addition, on January 14, 2007, plaintiff submitted a prisoner civil rights complaint form which was also filed as a miscellaneous pleading in this cause number and which contained the same allegations of identity theft in connection with plaintiff's conviction and no indication that the named defendant was involved in any way.

Review of plaintiff's litigation history reveals he has already challenged his conviction by way of cause no. 4:07-CV-02296 presently pending in the United States District Court for the Southern District of Texas, Houston Division. That case contains the same allegations of identity theft contained in plaintiff's pleadings in the instant cause. Further, in cause no. H-07-2316, plaintiff presented his claims of identity theft and attempts by inmates to change his name to "Troy Aikman Abner," impeding his access to courts and violating state criminal law. Depending upon the pleading being reviewed, it appears these could be plaintiff's claims in the instant cause. That cause was closed July 19, 2007. Plaintiff has also presented his claims of identity theft in two civil rights suits, cause no. 9:07-CV-0058 in the U.S. District Court for the Eastern District of Texas, Lufkin Division, dismissed June 6, 2007, and in cause no. H-07-1554

in the U.S. District Court for the Southern District of Texas, Houston Division, dismissed May 23, 2007.

In light of the repetitious nature of plaintiff's claims and his motions to "remand" this "22-54 back to the Eastern District of Texas in Lufkin Texas US District Court 187" and to remand this case "back to the trial court of Harris County Texas," at "10017 U.S. Federal District Court . . .," it appears plaintiff is attempting to utilize this Court as a conduit to the federal courts in Lufkin, Texas and Houston, Texas. It also appears he is attempting to leverage those Courts into re-opening his closed cases by virtue of the proposed "remands" from this Court.

In any event, plaintiff cannot challenge his conviction in this Court while he has such a challenge in cause no. 4:07-CV-02296 pending in the United States District Court for the Southern District of Texas, Houston Division. Moreover, any attempt plaintiff is making to file a civil rights complaint based on his claims of identity theft is duplicative of cause no. 9:07-CV-0058 in the U.S. District Court for the Eastern District of Texas, Lufkin Division, dismissed June 6, 2007, and cause no. H-07-1554 in the U.S. District Court for the Southern District of Texas, Houston Division, dismissed May 23, 2007.

It is, therefore, the Recommendation of the Magistrate Judge to the United States District Judge that the instant petition for writ of habeas corpus by a state prisoner be DISMISSED WITHOUT PREJUDICE as DUPLICATIVE of litigation already pending in a sister court.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

        IT IS SO RECOMMENDED.

        ENTERED this <u>15th</u> day of January, 2008.

                                            CLINTON E. AVERITTE
                                          UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

        Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

        Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).